IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>NOE JUAREZ RECENDEZ,<br><br>　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS PETITION TO ASSERT THIRD PARTY INTEREST IN PROPERTY**<br><br>Case No. 2:20-cr-00227-RJS<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |
| MAYELA RORDAME,<br><br>　　　Petitioner. | |

Defendant Noe Juarez Recendez pled guilty to one count of Possession of Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841, and "agree[d] to forfeit . . . all property that was used to facilitate" his offense, including a residential property located in West Valley City, Utah (the Property).[1] Shortly thereafter, Recendez's granddaughter, Mayela Rordame, filed a petition claiming an ownership interest in the Property "superior to any claim the United States may have acquired as a result of [Recendez's] plea agreement."[2] Now before the court is the United States' Motion to Dismiss Rordame's Petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).[3] For the reasons discussed below, the United States' Motion is GRANTED.

---

[1] *See* Dkt. 70, *Statement in Advance of Plea of Guilty and Plea Agreement* at 4, 6–7.

[2] Dkt. 74, *Petition to Assert Third Party Interest in Property* at 3.

[3] Dkt. 80.

## BACKGROUND AND PROCEDURAL HISTORY

On July 29, 2020, a grand jury returned a four-count indictment against Recendez for Possession of Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841.[4] The Indictment contained a Notice of Forfeiture informing Recendez that the United States would seek forfeiture of "any property, real or personal, used . . . to commit, or to facilitate the commission of, the offense," including the Property.[5] Then, on September 4, 2020, the United States recorded a lis pendens on the Property at the Salt Lake County Recorder's Office, providing notice to the public that the Property was subject to forfeiture.[6] Shortly thereafter, Recendez was arrested and arraigned on the charges in the Indictment.[7]

Nearly two years after his arraignment, Recendez pled guilty to a single count of Possession with Intent to Distribute a Controlled Substance.[8] As part of his plea agreement with the United States, Recendez "agree[d] to forfeit all property acquired from or traceable to [his] offense and all property that was used to facilitate [his] offense," including the Property.[9] The following week, the court entered an Order of Forfeiture, thereby forfeiting the Property to the United States and authorizing the government "to commence any applicable proceeding to comply with statutes governing third-party interests."[10]

---

[4] Dkt. 1.

[5] *Id.* at 4.

[6] Dkt. 17, *Notice of Recording of Lis Pendens*; *see also Jordan Constr., Inc. v. Fannie Mae*, 2017 UT 28, ¶ 38, 408 P.3d 296, 306 ("The recording of a lis pendens provides constructive notice to all persons that the rights and interests in the property at issue are controverted." (quoting *Timm v. Dewsnup*, 921 P.2d 1381, 1392 (Utah 1996)).

[7] *See* Dkt. 13, *Minute Entry for Proceedings on September 22, 2020*.

[8] Dkt. 70.

[9] *Id.* at 6–7.

[10] Dkt. 73 at 2–3.

The court's Order of Forfeiture prompted a flurry of activity by the United States, Recendez, and Recendez's granddaughter, Rordame. First, on December 2, 2022, Rordame filed her Petition claiming a superior interest in the Property and requesting "a hearing to determine her interest in [t]he Property" pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853(n), and Rule 32.2 of the Federal Rules of Criminal Procedure.[11] In her Petition, Rordame avers, "[u]pon information and belief," that Recendez asked her to "move into his residence, and provide care and financial support to him" sometime during 2018.[12] According to Rordame, they "agreed that in exchange for the consideration received by [Recendez], [she] became the owner of the Property subject to a possessory life estate[,] . . . which would be retained by [Recendez]."[13] Rordame further contends that Recendez "quit-claimed all of his remaining legal interest in the Property to [her] on October 13, 2020."[14] Therefore, Rordame argues that her "ownership of the Property is superior to any claim of . . . Recendez, and is superior to any claim the United States may have acquired as a result of [his] plea agreement."[15]

Second, on December 16, 2022, the United States filed a Motion to Dismiss the Petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), arguing that it fails to comply with the pleading requirements of 21 U.S.C. § 853(n)(3) or plead sufficient facts to establish entitlement to relief under § 853(n)(6).[16] In particular, the United States asserts, "the [P]etition

---

[11] Dkt. 74.
[12] *Id.* ¶ 9.
[13] *Id.*
[14] *Id.* ¶ 11.
[15] *Id.* ¶ 14.
[16] Dkt. 80 at 1.

3

neither states a statutory nor factual basis in sufficient detail to allow the [c]ourt to determine what, if any, relief [] Rordame is . . . entitled to."[17]

Finally, on December 28, 2022, Recendez moved to withdraw his guilty plea and requested replacement of his court-appointed counsel, claiming he did "not understand the consequences . . . of his plea."[18] After a hearing was held on Recendez's Motion,[19] Recendez moved to withdraw his Motion, leaving the initial guilty plea intact.[20] Then, on July 19, 2023, Recendez was sentenced to fifty-one months in custody, with credit for time served, and three years of supervised release.[21] As part of the final Judgment, the court ordered forfeiture of Recendez's interest in the Property.[22]

With the status of Recendez's guilty plea now resolved and sentencing finalized, the forfeiture status of the Property is ripe for review. Having fully reviewed the parties' briefing[23] and concluding that a hearing is not necessary,[24] the court is now prepared to rule on the United States' Motion.

---

[17] *Id.*

[18] Dkt. 85, *Recendez's Motion to Withdraw Plea and Replace Counsel* at 1; *see also* Dkt. 86, *Memorandum in Support of Recendez's Motion to Withdraw Plea and Replace Counsel* at 2 (stating that Recendez "did not fully appreciate the consequences of his plea on his family at the time he entered the plea agreement").

[19] Dkt. 112, *Minute Entry for Proceedings Held on April 21, 2023*.

[20] *See* Dkt. 115, *Recendez's Motion to Withdraw Motion to Withdraw Guilty Plea*; Dkt. 116, *Order Granting Recendez's Motion to Withdraw Guilty Plea*.

[21] Dkt. 123, *Minute Entry for Proceedings Held on July 18, 2023*; Dkt. 124, *Judgment in a Criminal Case*.

[22] Dkt. 124 at 7.

[23] *See, e.g.*, Dkt. 74; Dkt. 80; Dkt. 94, *Rordame's Response to United States' Motion to Dismiss Petition*; Dkt. 99, *United States' Reply in Further Support of Its Motion to Dismiss Petition*.

[24] *See* Fed. R. Crim. P. 32.2(c)(1)(A) (allowing a court to dismiss petitions prior to any hearing on the merits "for lack of standing, for failure to state a claim, or for any other lawful reason").

## LEGAL STANDARDS

21 U.S.C. § 853(n) allows a third party to "petition the court for a hearing to adjudicate the validity of [her] alleged interest in [criminally forfeited] property."[25] The petition must set forth the legal basis for the petitioner's claim, including "the nature and extent of the petitioner's . . . interest in the property, the time and circumstances of the petitioner's acquisition of the . . . interest in the property, [and] any additional facts supporting the petitioner's claim."[26] Additionally, the petition must state whether "(A) the third party's interest in the forfeited property was superior to the defendant's interest at the time the defendant committed the acts that gave rise to the criminal forfeiture or (B) the third party was a bona fide purchaser of the forfeited property for value."[27] These are the "two narrow [categories] of third parties" entitled to relief under the statute.[28]

However, even before conducting a formal hearing, the "court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason" pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).[29] In considering such a motion, the court applies the same legal standards governing "a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."[30] While the court assumes the "facts set forth in the

---

[25] 21 U.S.C. § 853(n)(2).

[26] *Id.* § 853(n)(3).

[27] *United States v. Bank*, No. 2:17-cr-126(1), 2022 U.S. Dist. LEXIS 220303, at *5 (E.D. Va. Dec. 6, 2022) (citing 21 U.S.C. § 853(n)(6)); *see also United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) (dismissing a petition for lack of standing where, among other defects, it did not specify whether the petitioner was entitled to relief under § 853(n)(6)(A) or (6)(B)).

[28] *See United States v. Brinton*, 880 F. Supp. 2d 1158, 1160 (D. Utah 2012) (collecting cases).

[29] Fed. R. Crim. P. 32.2(c)(1)(A).

[30] *United States v. Los Dahda*, No. 12-20083-01/11-DDC, 2020 U.S. Dist. LEXIS 225500, at *7 (D. Kan. Dec. 2, 2020) (quoting *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009)).

petition are . . . true,"[31] the petition must "plausibly allege a 'facially colorable interest in the seized property.'"[32] "A claim is plausible on its face when the petitioner 'pleads factual content that allows the court to draw the reasonable inference' that [s]he is entitled to relief."[33]

## ANALYSIS

The United States contends the Petition fails to comply with the minimum pleading requirements of 21 U.S.C. § 853(n)(3) or plead sufficient facts to establish entitlement to relief under § 853(n)(6), warranting dismissal.[34] As prefaced above, there are two ways Rordame can demonstrate entitlement to relief under § 853(n). First, she can show she "has a legal . . . interest in the [P]roperty" that "was vested in [her] rather than [Recendez]" or was otherwise superior to Recendez's interest "at the time of the commission of the acts which gave rise to the forfeiture of the [P]roperty."[35] Alternatively, Rordame can show she was "a bona fide purchaser for value of the . . . interest in the [P]roperty and was . . . without cause to believe that the [P]roperty was subject to forfeiture."[36] The court addresses each approach in turn, concluding Rordame has not stated a plausible claim to relief under either theory. Additionally, because the Petition lacks information needed to understand the nature of Rordame's agreement with Recendez and her legal interest in the Property, the court agrees with the United States that the minimum pleading

---

[31] Fed. R. Crim. P. 32.2(c)(1)(A).

[32] *United States v. Berg*, No. 2:22-cr-00159-DBB, 2023 U.S. Dist. LEXIS 3819, at *3 (D. Utah Jan. 6, 2023) (quoting *Salti*, 579 F.3d at 667)).

[33] *Los Dahda*, 2020 U.S. Dist. LEXIS 225500, at *8 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[34] Dkt. 80 at 1.

[35] 21 U.S.C. § 853(n)(6)(A).

[36] *Id.* § 853(n)(6)(B).

requirements of § 853(n)(3) have not been satisfied. Accordingly, the Petition must be dismissed.

**I.   The Petition Does Not Allege that Rordame Had a Superior Interest in the Property**

The first pathway to relief under § 853(n)(6) requires the petitioner to show a superior "legal . . . interest in the property"[37]—a burden that ultimately turns on Utah law.[38] As the United States notes, "the creation of a real property interest must meet specific requirements to be valid under Utah law," including compliance with Utah's Statute of Frauds—Utah Code Ann. § 25-5-1.[39] In relevant part, Utah's Statute of Frauds mandates that "[n]o . . . interest in real property, other than leases for a term not exceeding one year, . . . shall be created" except for "by act or operation of law, or by deed or conveyance *in writing*."[40] Yet, the Petition neither states whether Rordame's 2018 agreement with Recendez complied with the Statute of Frauds nor presents an alternative theory of conveyance "by act or operation of law" or as a matter of equity.[41] This leaves the court unable to determine whether Rordame ever held a valid legal interest as a result of the alleged 2018 agreement.

While the Petition does allege that Recendez "quit-claimed all of his remaining legal interest in the Property" to Rordame on October 13, 2020,[42] this conveyance occurred well after

---

[37] *Id.* § 853(n)(6)(A).

[38] *See United States v. Peck*, No. 2:20-CR-185-HCN, 2022 U.S. Dist. LEXIS 219619, at *7 (D. Utah Dec. 5, 2022) (explaining that "[s]tate law defines ownership interests" (citing United States v. Andrews, 530 F.3d 1232, 1238 (10th Cir. 2008)); *see also United States v. Espada*, 128 F. Supp. 3d 555, 560 (E.D.N.Y. 2015) ("Federal law does not define what constitutes a 'legal interest.' Rather, state law . . . determines whether a petitioner has a legal interest in the property at issue.").

[39] Dkt. 80 at 8.

[40] Utah Code Ann. § 25-5-1 (emphasis added).

[41] *See generally* Dkt. 74 ¶¶ 9–15.

[42] Dkt. 74 ¶ 14.

7

"the commission of the acts which gave rise to the forfeiture of the [P]roperty."[43] The Indictment centers on Recendez's activities "[o]n or about February 4, 2020,"[44] which was approximately eight months before Recendez's quit claim was purportedly executed. This post-indictment conveyance cannot establish a right to relief under § 853(n)(6)(A), which requires a petitioner's interest to either "vest[] in the petitioner" or be superior to the defendant's interest *before* the defendant committed the acts giving rise to forfeiture.[45] Therefore, without knowing more about the nature of Rordame's 2018 agreement with Recendez, the court cannot discern a viable pathway to relief under § 853(n)(6)(A).

## II. The Petition Fails to Allege that Rordame Was a Bona Fide Purchaser Who Was Reasonably Without Cause to Believe that the Property Was Forfeitable.

The second theory for relief available under § 853(n)(6) requires the petitioner to establish that she was "a bona fide purchaser for value . . . [who was] reasonably without cause to believe that the property was subject to forfeiture."[46] "The bona-fide-purchaser exception 'protects a third party who acquires a legal interest in property for value after the acts giving rise to the forfeiture have occurred and who had no reason to believe that the property was subject to forfeiture.'"[47] While there is some variation among courts concerning the appropriate test for a

---

[43] 21 U.S.C. § 853(n)(6)(A).

[44] *See generally* Dkt. 1.

[45] 21 U.S.C. § 853(n)(6)(A).

[46] *Id.* § 853(n)(6)(B).

[47] *Los Dahda*, 2020 U.S. Dist. 225500, at *18 (quoting *United States v. Huntington Nat'l Bank*, 682 F.3d 429, 433 (6th Cir. 2012)).

bona fide purchaser under § 853(n)(6)(B),[48] most courts require the petitioner to establish three elements to qualify under the exception: (1) that she has a legal interest in the forfeited property; (2) the interest was acquired as a bona fide purchaser for value; and (3) the interest was acquired at a time when she was reasonably without cause to believe that the property was subject to forfeiture.[49] Additionally, some other circuits have required a showing that the purchase occurred as a result of an arm's-length transaction or that reasonably equivalent value was exchanged.[50]

As discussed above, Rordame has not presented sufficient facts for the court to discern whether she had a legal interest in the Property before October 13, 2020, when Recendez purportedly quit-claimed his interest to her.[51] By then, the United States had already filed a lis pendens on the Property,[52] and Recendez had been indicted, arrested, and detained pending trial.[53] Nor has Rordame alleged ignorance of the Property's risk of forfeiture at this point,

---

[48] *See, e.g.*, *United States v. Brinton*, 880 F. Supp. 2d 1158, 1161 (D. Utah 2012) ("To qualify as a bona fide purchaser, [Petitioner] must establish that 'it intentionally transferred value to [Defendant] with an expectation of receiving value in return.'" (quoting *United States v. Lavin*, 942 F.2d 177, 188 (3d Cir. 1991))); *Huntington Nat'l Bank*, 682 F.3d at 433 ("Federal law controls whether a party qualifies as a [bona fide purchaser] under [] § 853(n)(6)(B)" (collecting cases)); *United States v. Reckmeyer*, 836 F.2d 200, 208 (4th Cir. 1987) ("[T]he term 'bona fide purchaser for value' must be construed liberally to include all persons who give value to the defendant in an arms'-length transaction with the expectation that they would receive equivalent value in return.").

[49] *See, e.g.*, *United States v. Gray*, No. CR-16-123-R, 2017 U.S. Dist. LEXIS 89436, at *10 (W.D. Okla. June 12, 2017) (quoting *United States v. Timely*, 507 F.3d 1125, 1130–31 (8th Cir. 2007)); *Bank*, 2022 U.S. Dist. LEXIS 220303, at *7 (internal quotation marks and citation omitted); *United States v. Kokoszka*, No. 2:13-cr-00419-JAD-PAL, 2015 U.S. Dist. LEXIS 139789, at *6 (D. Nev. Oct. 14, 2015); *United States v. Madoff*, 2012 U.S. Dist. LEXIS 48733, at *16 (S.D.N.Y. Apr. 3, 2012).

[50] *See, e.g.*, *United States v. Kennedy*, 201 F.3d 1324, 1330 (11th Cir. 2000); *Lavin*, 942 F.2d at 188.

[51] *See supra* Section I.

[52] Dkt. 17.

[53] *See* Dkt. 1; Dkt. 21, *Order of Detention Pending Trial*.

9

which is required to qualify under § 853(n)(6)(B).[54]  In other words, Rordame fails to plausibly allege satisfaction of the third element of the § 853(n)(6)(B) test—that her "interest was acquired at a time when [she] was reasonably without cause to believe that the [P]roperty was subject to forfeiture."[55]

Similarly, Rordame's threadbare assertions of "consideration" and "money and services" given to Recendez do not plausibly establish that Rordame was a bona fide purchaser for value under § 853(n)(6)(B).  In determining whether a petitioner is a bona fide purchaser—the second element—courts generally look to state law to "fill[] this gap."[56]  Utah case law directs that "[a] bona fide purchaser is one who pays valuable consideration for a conveyance, acts in good faith, and takes without notice of an adverse claim or others' outstanding rights to the seller's title."[57]  And "[w]hether a sale or exchange for valuable consideration occurred is a fact-intensive inquiry."[58]  On balance, the court concludes that the pleading requirements of § 853(n) and Utah's definition of a bona fide purchaser require Rordame to provide more than conclusory statements of the consideration underlying her alleged 2018 agreement.

---

[54] *Berg*, 2023 U.S. Dist. LEXIS 3819, at *5 n.31 (dismissing a petition for failure to state a claim where, among other things, the petitioner failed to aver that he was unaware of the risk of forfeiture).  Regardless, the weight of case law suggests that a party's purported ignorance of the risk of forfeiture, even if properly pleaded, is unavailing once the United States has filed a lis pendens.  *See, e.g.*, *United States v. Roberts*, No. 1:15-CR-128-1, 2016 U.S. Dist. LEXIS 58117, at *16–17 (E.D. Tex. Mar. 28, 2016) (collecting cases); *United States v. Suarez*, No. 15-CR-20411-DM, 2016 U.S. Dist. LEXIS 194026, at *14–15 (S.D. Fla. Dec. 6, 2016) (same); *see also Tuft v. Federal Leasing*, 657 P.2d 1300, 1302 (Utah 1982) ("The recording of a lis pendens serves as a warning to all persons that any rights or interests they may acquire in the interim are subject to the judgment or decree." (internal quotation marks and citation omitted)).

[55] *See Gray*, 2017 U.S. Dist. LEXIS 89436, at *10 (internal quotation marks and citation omitted).

[56] *See United States v. Petters*, 857 F. Supp. 2d 841, 846–47 (D. Minn. 2012) (collecting cases); *see also United States v. Suarez*, 716 F. App'x 937, 938 (11th Cir. 2018) (applying Florida law to determine whether petitioner was a bona fide purchaser under § 853(n)(6)(B)).

[57] *Baldwin v. Burton*, 850 P.2d 1188, 1197 (Utah 1993).

[58] *Premier Van Schaack Realty, Inc. v. Sieg*, 2002 UT App 173, ¶ 16, 51 P.3d 24, 30.

In sum, Rordame fails to adequately plead the second and third elements of the test for the bona-fide-purchaser exception under § 853(n)(6)(B), thereby placing her outside the only other category for relief under the statute.

### III. The Petition Does Not Provide Relevant Information Required by 21 U.S.C. § 853(n)(3)

Rordame's failure to provide a plausible pathway to relief under either § 853(n)(6)(A) or (6)(B) is closely related to another shortfall of her Petition—the failure to comply with the minimum pleading requirements of § 853(n)(3). Under § 853(n)(3), a petitioner must allege "the nature and extent of [her] right, title, or interest in the property, the time and circumstances of [her] acquisition of the right, title, or interest in the property, any additional facts supporting the [her] claim, and the relief sought."[59] "[T]he standards in § 853(n)(3) are not simply technical requirements, but are construed strictly to discourage false or frivolous claims."[60]

Here, Rordame describes a vague intra-familial agreement, wherein she provided undefined "care and financial support" to Recendez and thus "became the owner of the Property subject to a possessory life estate . . . retained by [Recendez]."[61] However, she does not provide relevant information concerning the time and circumstances of her purported acquisition of the Property, such as whether her agreement with Recendez was in writing. Nor does she explain the nature of the consideration given to Recendez beyond threadbare assertions of "valuable consideration . . . includ[ing] money and services."[62] The court concludes that these omissions

---

[59] 21 U.S.C. § 853(n)(3).

[60] *Ceballos-Lepe*, 977 F. Supp. 2d at 1088.

[61] *See generally* Dkt. 74 ¶¶ 10–15.

[62] *Id.*

bear directly on "the time and circumstances of [her] acquisition of the right, title, or interest in the [P]roperty," making her Petition noncompliant with the strict pleading requirements of § 853(n)(3).[63]

## CONCLUSION

For the foregoing reasons, the United States' Motion is GRANTED.[64] The court hereby DISMISSES Rordame's Petition without prejudice.[65]

SO ORDERED this 31st day of July, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[63] *Cf. United States v. Glenn*, No. CR-10-084-RAW, 2012 U.S. Dist. LEXIS 121790, at *4 (E.D. Okla. Aug. 28, 2012) (dismissing a petition for failing to provide "any information as to the time and circumstances of [the petitioner's] acquisition" of forfeited property as required by 21 U.S.C. § 853(n)(3)).

[64] Dkt. 80.

[65] Dkt. 74.