IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOE JUAREZ RECENDEZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS AMENDED PETITION TO ASSERT THIRD PARTY INTEREST IN PROPERTY**<br><br>Case No. 2:20-cr-00227-RJS<br><br>Chief District Judge Robert J. Shelby |
| MAYELA RORDAME,<br><br>Petitioner. | |

Defendant Noe Juarez Recendez pled guilty to one count of Possession of Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841, and "agree[d] to forfeit . . . all property that was used to facilitate" his offense, including a residential property located in West Valley City, Utah (the Property).[1]  Recendez's granddaughter, Mayela Rordame, filed an Amended Petition claiming an ownership interest in the Property "superior to any claim the United States may have acquired as a result of [Recendez's] plea agreement."[2]  Now before the court is the United States' Motion to Dismiss Rordame's Amended Petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).[3]  For the reasons discussed below, the United States' Motion is GRANTED.

---

[1] *See* Dkt. 70, *Statement in Advance of Plea of Guilty and Plea Agreement* at 4, 6–7.

[2] Dkt. 129, *Amended Petition to Assert Third Party Interest in Property* ¶ 14.

[3] Dkt. 131, *Motion to Dismiss Third-Party Petition*.

## BACKGROUND AND PROCEDURAL HISTORY

On July 29, 2020, a grand jury returned a four-count indictment against Recendez for Possession of Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841.[4] The Indictment contained a Notice of Forfeiture informing Recendez that the United States would seek forfeiture of "any property, real or personal, used . . . to commit, or to facilitate the commission of, the offense," including the Property.[5]  On September 4, 2020, the United States recorded a lis pendens on the Property at the Salt Lake County Recorder's Office, providing notice to the public that the Property was subject to forfeiture.[6]  Shortly thereafter, Recendez was arrested and arraigned on the charges in the Indictment.[7]

Nearly two years after his arraignment, Recendez pled guilty to a single count of Possession with Intent to Distribute a Controlled Substance.[8]  As part of his plea agreement with the United States, Recendez "agree[d] to forfeit all property acquired from or traceable to [his] offense and all property that was used to facilitate [his] offense," including the Property.[9]  The following week, the court entered an Order of Forfeiture, thereby forfeiting the Property to the United States and authorizing the government "to commence any applicable proceeding to comply with statutes governing third-party interests."[10]

---

[4] Dkt. 1.

[5] *Id.* at 4.

[6] Dkt. 17, *Notice of Recording of Lis Pendens*; *see also Jordan Constr., Inc. v. Fannie Mae*, 2017 UT 28, ¶ 38, 408 P.3d 296, 306 ("The recording of a lis pendens provides constructive notice to all persons that the rights and interests in the property at issue are controverted.") (quoting *Timm v. Dewsnup*, 921 P.2d 1381, 1392 (Utah 1996)).

[7] *See* Dkt. 13, *Minute Entry for Proceedings on September 22, 2020.*

[8] Dkt. 70.

[9] *Id.* at 6–7.

[10] Dkt. 73, *Order of Forfeiture of Property* at 2–3.

In response to the Order of Forfeiture, on December 2, 2022, Rordame filed a Petition claiming a superior interest in the Property and requesting "a hearing to determine her interest in [t]he Property" "pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853(n), and Federal Rule of Criminal Procedure 32.2."[11]  Rordame argued her "ownership of the Property [was] superior to any claim of . . . Recendez, and [was] superior to any claim the United States may have acquired as a result of [his] plea agreement."[12]  The United States responded by filing a Motion to Dismiss the Petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), arguing it failed to comply with the pleading requirements of 21 U.S.C. § 853(n)(3) or to plead sufficient facts to establish entitlement to relief under § 853(n)(6).[13]

On July 31, 2023, the court dismissed Rordame's Petition without prejudice.[14]  The court determined the petition failed to allege a viable pathway under either § 853(n)(6)(A)[15] or § 853(n)(6)(B).[16]  The court also found the petition did not include relevant information required by 21 U.S.C. § 853(n)(3).[17]

On September 19, 2023, Rordame filed an Amended Petition reasserting her claim to a superior interest in the Property, which provided additional details not present in her initial Petition.[18]  In her Amended Petition, Rordame avers Recendez requested that she move into the Property, and "[t]his request included a promise in regards to his intention to designate her as the

---

[11] Dkt. 74, *Petition to Assert Third Party Interest in Property*.

[12] *Id.* ¶ 14.

[13] Dkt. 80, *United States' Motion to Dismiss Petition to Assert Third-Party Interest in Property* at 1.

[14] Dkt. 126, *Memorandum Decision and Order* at 12.

[15] *Id.* at 7–8.

[16] *Id.* at 8–11.

[17] *Id.* at 11–12.

[18] Dkt. 129.

owner of the [Property.]"[19]  Rordame admits "there was no written document signed prior to October 2020" but alleges the "agreement [was] enforceable after there was performance and reliance by [Rordame] starting in 2017," relying on Utah Code § 25-5-8.[20]  Rordame further contends that Recendez quit-claimed his legal interests in the Property to Rordame on October 13, 2020.[21]  Rordame believed this conveyance "was made in exchange for her prior agreement to relocate and provide support, her care of Recendez and his effects including his animals, her previous financial contributions as well [as] her commitment to continue to provide care for the animals and to pay the ongoing and outstanding obligations including the mortgage and taxes[.]"[22]  Therefore, Rordame argues her "ownership of the Property is superior to any claim of . . . Recendez, and is superior to any claim the United States may have acquired as a result of [his] plea agreement."[23]

On October 12, 2024, the United States filed the present Motion to Dismiss the Amended Petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).[24]  The government asserts that any interests Rordame holds are not cognizable legal interests under 21 U.S.C. § 853(n)(2).[25]  The government also argues Rordame has not pled sufficient facts to establish entitlement to relief under 21 U.S.C. § 853(n)(6)(A) or § 853(n)(6)(B).[26]

---

[19] *Id.* ¶ 2.

[20] *Id.*

[21] *Id.* ¶ 11.

[22] *Id.*

[23] *Id.* ¶ 14.

[24] Dkt. 131.

[25] *Id.* at 1.

[26] *Id.*

Having fully reviewed the parties' briefing[27] and concluding that a hearing is not

necessary,[28] the court is now prepared to rule on the United States' Motion.

## LEGAL STANDARDS

21 U.S.C. § 853(n) allows a third party to "petition the court for a hearing to adjudicate

the validity of [her] alleged interest in [criminally forfeited] property."[29]  The petition must set

forth the legal basis for the petitioner's claim, including "the nature and extent of the petitioner's

. . . interest in the property, the time and circumstances of the petitioner's acquisition of the . . .

interest in the property, [and] any additional facts supporting the petitioner's claim."[30]

Additionally, the petition must state whether "(A) the third party's interest in the forfeited

property was superior to the defendant's interest at the time the defendant committed the acts

that gave rise to the criminal forfeiture or (B) the third party was a bona fide purchaser of the

forfeited property for value."[31]  These are the "two narrow [categories] of third parties" entitled

to relief under the statute.[32]

However, even before conducting a formal hearing, the "court may, on motion, dismiss

the petition for lack of standing, for failure to state a claim, or for any other lawful reason."[33]  In

considering such a motion, the court applies the same legal standards governing "a motion to

---

[27] *See* Dkt. 129; Dkt. 131; Dkt. 132, *Petitioner's Second Response to United States' Motion to Dismiss Third-Party Petition*; Dkt. 133, *Reply in Support of Motion to Dismiss Third-Party Petition*.

[28] *See* Fed. R. Crim. P. 32.2(c)(1)(A) (allowing a court to dismiss petitions prior to any hearing on the merits "for lack of standing, for failure to state a claim, or for any other lawful reason").

[29] 21 U.S.C. § 853(n)(2).

[30] *Id.* § 853(n)(3).

[31] *United States v. Bank*, No. 2:17-cr-126(1), 2022 WL 17477064, at *2 (E.D. Va. Dec. 6, 2022) (citing 21 U.S.C. § 853(n)(6)); *see also United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) (dismissing a petition for lack of standing where, among other defects, it did not specify whether the petitioner was entitled to relief under § 853(n)(6)(A) or (6)(B)).

[32] *See United States v. Brinton*, 880 F. Supp. 1158, 1160 (D. Utah 2012) (collecting cases).

[33] Fed. R. Crim. P. 32.2(c)(1)(A).

dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."[34]  While the court

assumes the "facts set forth in the petition are . . . true,"[35] the petition must "plausibly allege a

'facially colorable interest in the seized property.'"[36]  "A claim is plausible on its face when the

petitioner 'pleads factual content that allows the court to draw the reasonable inference' that

[s]he is entitled to relief."[37]

## ANALYSIS

The United States contends the court should dismiss the Amended Petition because it

fails to state a legal interest that is cognizable under 21 U.S.C. § 853(n)(2) or to plead sufficient

facts to establish entitlement to relief under § 853(n)(6).[38]  A party "seeking to challenge the

government's forfeiture of money or property used in violation of federal law must first

demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to

contest the forfeiture."[39]  State law, rather than federal, determines whether a legal interest

exists.[40]  If state law affords the petitioner no valid interest in the forfeited property, "the inquiry

ends and the claim fails for lack of standing."[41]  Where the petitioner establishes an adequate

---

[34] *United States v. Los Dahda*, No. 12-20083-01/11-DDC, 2020 WL 7056099, at *3 (D. Kan. Dec. 2, 2020) (quoting *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009)).

[35] Fed. R. Crim. P. 32.2(c)(1)(A).

[36] *United States v. Berg*, No. 2:22-cr-00159-DBB, 2023 WL 121235, at *1 (D. Utah Jan. 6, 2023) (quoting *Salti*, 579 F.3d at 667)).

[37] *Los Dahda*, 2020 WL 7056099, at *3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[38] Dkt. 131 at 1.

[39] *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007) (quotation marks, alterations and citation omitted).

[40] *Willis Mgmt. (Vermont), Ltd. V. United States*, 652 F.3d 236, 242 (2d Cir. 2011); *United States v. Peck*, 644 F. Supp. 3d 954, 958 (D. Utah 2022) (explaining that "[s]tate law defines ownership interests") (citing *United States v. Andrews*, 530 F.3d 1232, 1238 (10th Cir. 2008)); *United States v. Espada*, 128 F. Supp. 3d 555, 560 (E.D.N.Y. 2015) ("Federal law does not define what constitutes a 'legal interest.'  Rather, state law . . . determines whether a petitioner has a legal interest in the property at issue.").

[41] *Timley*, 507 F.3d at 1130 (8th Cir. 2007).

legal interest under state law, federal law then determines whether the interest is sufficient to prevail on the merits under § 853(n)(6).[42]

The court first turns to the question of whether Rordame adequately alleges a legal interest under § 853(n)(2).  Concluding she does not, the court must dismiss the Amended Petition.

### I.   The Petition Does Not Allege Rordame Had a Cognizable Legal Interest in the Property Under 21 U.S.C. § 853(n)(2).

"§ 853(n)(2) requires a third party claimant to have a legal interest—as opposed to an equitable interest—to petition the court."[43]  Rordame's alleged interest in the Property is based on an oral contract.[44]  Utah's Statute of Frauds mandates that "[n]o . . . interest in real property, other than leases for a term not exceeding one year, . . . shall be created" except "by act or operation of law, or by deed or conveyance in writing."[45]  Rordame agrees "there was no written document signed prior to October 2020," relying instead on the part performance exception to the Statute of Frauds.[46]  Utah law recognizes "the doctrine of part performance allows a court of equity to enforce an oral agreement, if it has been partially performed, notwithstanding the statute [of frauds]."[47]

---

[42] *United States v. BCCI Holdings (Luxembourg), S.A.*, 961 F. Supp. 287, 293 (D.D.C. 1997).

[43] *United States v. Gray*, No. CR-16-123-R, 2017 WL 2544136, at *2 (W.D. Okla. June 12, 2017) (citing *Timley*, 507 F.3d at 1129).

[44] Dkt. 129 ¶ 6.

[45] Utah Code Ann. § 25-5-1.

[46] *See* Dkt. 129 ¶ 6 ("Petitioner will rely on Utah Code § 25-5-8 and cases which have considered the validity of such an agreement. *WDIS, LLC v. Hi-Country Ests. Homeowner Ass'n, Phase II (WDIS II)*, 2022 UT 33, ¶ 46, 515 P.3d 432; *Randall v. Tracy Collins Trust Company*, 305 P.2d 480 (Utah 1956)."); *see also* Utah Code Ann. § 25-5-8 ("Nothing in this chapter contained shall be construed to abridge the powers of courts to compel the specific performance of agreements in case of part performance thereof.").

[47] *Martin v. Scholl*, 678 P.2d 274, 275 (Utah 1983) (citing to Utah Code Ann. § 25-5-8).

For the part performance exception to apply, three elements must be met: (1) "the oral contract and its terms must be clear and definite," (2) "the acts done in performance of the contract must be equally clear and definite," and (3) "the acts must be in reliance on the contract."[48]  "Such acts in reliance must be such that a) they would not have been performed had the contract not existed, and b) the failure to perform on the part of the promisor would result in fraud on the performer who relied, since damages would be inadequate."[49]

The alleged oral contract here fails the first element because it does not contain clear and definite contract terms.  Rordame alleges two possible contracts.  In the first, Rordame moved into the Property and, in exchange, Recendez "promise[d] . . . his intention to designate her as the owner of the [Property]" at an unknown future date.[50]  In the second, Recendez quit-claimed the Property "in exchange for her prior agreement to relocate and provide support, her care of Recendez and his effects including his animals, her previous financial contributions as well [as] her commitment to continue to provide care for the animals and to pay the ongoing and outstanding obligations including the mortgage and taxes."[51]

However, neither of these contracts includes a defined time frame or duration for Rordame or Recendez's performance.  The Utah Supreme Court has "repeatedly insisted upon the necessity of definiteness in the provisions of oral contracts for the conveyance of land in consideration for care and attention by a member of the family of the promisor."[52]  For example, in *United States v. White*, the court held an oral promise exchanging one-half the increase in

---

[48] *Randall v. Tracy Collins Tr. Co.*, 6 Utah 2d 18, 24, 305 P.2d 480, 484 (Utah 1956).

[49] *Id.*

[50] Dkt. 129 ¶ 3.

[51] *Id.* ¶ 11.

[52] *Clark v. George*, 120 Utah 350, 357, 234 P.2d 844, 848 (Utah 1951) (compiling other Utah Supreme Court cases holding the same).

value of stock for unsalaried work was not an enforceable contract because "no time frame or term was indicated."[53]  Similarly, the Amended Petition does not detail how long or under what conditions Rordame was to provide support and care for Recendez or when Recendez was obligated to fulfill "his intention to designate her as the owner of the Residence."[54]  "There is no way to determine from [Rordame's] allegations whether [either party] fulfilled [their] end of the bargain."[55]

Because Rordame cannot demonstrate the part performance exception to Utah's Statue of Frauds applies to the alleged oral contract, she does not have a "legal interest in property which has been ordered forfeited to the United States."[56]

## II.  Rordame's Arguments Are Not Sufficient to Overcome Her Lack of a Legal Interest in the Property.

Rordame's Response largely fails to engage with the government's Motion, but instead advances the following arguments: (1) the government and this court are improperly applying heightened pleading standards; (2) the government has not demonstrated its right to the Property; and (3) this case is in a different posture than those where courts have dismissed petitions at this stage.[57]

First, Rordame contends the government and this court are improperly applying heightened pleading standards, leaving her "to fend-off the [g]overnment's second motion to dismiss."[58]  However, Rordame does not identify the standards she believes to be correct.

---

[53] *United States v. White*, 675 F.3d 1073, 1079 (8th Cir. 2012).

[54] Dkt. 129 ¶ 3.

[55] *White*, 675 F.3d at 1079–80.

[56] 21 U.S.C. § 853(n)(2).

[57] *See generally* Dkt. 132.

[58] *Id.* at 5.

Instead, she advances public policy-based arguments to submit that allowing a preliminary challenge under Federal Rule of Criminal Procedure 32.2(c)(1)(A) violates 21 U.S.C. § 853(n).[59] In doing so, she acknowledges that criminal forfeiture is governed by Rule 32.2,[60] but ignores Rule 32.2(c)(1)(A) which explicitly allows the court to "dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."[61] Nor does she address the extensive precedent applying Rule 32.2(c)(1)(A) to third-party petitions, even though she acknowledges this precedent in support of her arguments later in her Response.[62] This court is bound by the precedent and may not stray on public policy grounds.

Rordame next challenges the government's right to forfeiture, arguing she "is unable to determine the factual and legal justification for the [g]overnment's forfeiture claim to the [Property]." However, precedent is clear that an ancillary proceeding only allows the third-party to establish her interest in the forfeiture.[63] As a third-party, Rodame cannot challenge whether the government has a valid claim to the Property. All the cases Rordame cites in support—*United States v. Dean*,[64] *United States v. Wagoner County Real Estate*,[65] and *United States v.*

---

[59] *Id.* at 2.

[60] *See id.* ("The court *must* conduct an ancillary proceeding. Fed. R. Crim. P. 32.2(c)(1).") (emphasis in original).

[61] Fed. R. Crim. P. 32(c)(1)(A).

[62] *See* Dkt. 132 at 10 ("[T]he Government is correct that some courts have held that a court is not required to hold a hearing on a petition if it is clear that the petitioner could not prevail . . . ."); *see, e.g.*, *Ceballos-Lepe*, 977 F. Supp. 2d at 1088; *Brinton*, 880 F. Supp. 2d at 1159–60; *Timley*, 507 F.3d at 1129.

[63] *See, e.g.*, *White*, 675 F.3d at 1077–78 ("White misunderstands the nature of an ancillary hearing. An ancillary proceeding allows White to establish her interest in the forfeited property as it compares to the interests of the government and other petitioners; it does not allow her to relitigate the nexus between the criminal acts of [the defendant] and the forfeited proceeds from the sale of the ZINK stock."); *Andrews*, 530 F.3d at 1236 ("[A] third party has no right to challenge the preliminary order's finding of forfeitability . . . .").

[64] 80 F.3d 1535, 1537 (11th Cir. 1996) (holding "a district court may modify a plea agreement where a defendant has promised to forfeit property").

[65] 278 F.3d 1091, 1094 (10th Cir. 2002) (involving a defendant challenging the validity of the forfeiture decree).

*829 Calle De Madero*[66]—are cases where defendants, not third parties, challenged the sufficiency of the government's interest in the forfeited property.

Finally, Rordame argues "[w]hile the [g]overnment is correct that some courts have held that a court is not required to hold a hearing on a petition if it is clear that the petitioner could not prevail, the cases that have dismissed petitions at this stage are inapposite, and typically involve the transfer of criminal proceeds."[67]  To support this argument, she distinguishes only one of the many cases relied upon by the government—*United States v. White*.[68]  In *White*, the third-party alleged "she continued working for the company because Defendant orally agreed to give her one-half the increase in value of his shares of ZINK stock."[69]  In rejecting White's claim, the Eighth Circuit provided two independent rationales for why White did not have a legal interest in the property.  The first is the one Rordame identifies in her response—White did not sufficiently allege an interest in the forfeited property itself.[70]  The second is the one relied upon by the government here—the lack of a time frame or term rendered the oral contract unenforceable.[71]  However, *White* does not stand for Rordame's proposition that motions to dismiss are only appropriate when dealing with the transfer of criminal proceeds.

None of Rordame's arguments overcome the fact her Amended Petition does not adequately allege facts to support the part performance exception to Utah's Statute of Frauds.

---

[66] 100 F.3d 734, 735 (10th Cir. 1996) (involving a defendant arguing the district court's order of forfeiture violates the Excessive Fines Clause of the Eight Amendment).

[67] Dkt. 132 at 10.

[68] 675 F.3d 1073 (8th Cir. 2012).

[69] *Id.* at 1076.

[70] *Id.* at 1080.

[71] *Id.* at 1079–1080.

The court concludes she does not have a "legal interest in property which has been ordered forfeited to the United States."[72]

## CONCLUSION

For the foregoing reasons, the United States' Motion is GRANTED.[73]  The court hereby DISMISSES Rordame's Amended Petition without prejudice.[74]

SO ORDERED this 20th day of March 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[72] 21 U.S.C. § 853(n)(2).

[73] Dkt. 131.

[74] Dkt. 129.